UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL R. SPENCER,

Plaintiff,

v.

RONALD B. ROBIE, et al. ,

Defendants.

No. 2:21-cv-0050 TLN AC

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se, and the case was accordingly referred to the Magistrate Judge pursuant to Local Rule 302(c)(21). Defendants have filed two motions to dismiss. ECF Nos. 4 and 10. In response, plaintiff filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). ECF No. 17. The motions to dismiss must therefore be DENIED as MOOT. However, upon review of the operative First Amended Complaint ("FAC") it is clear this court lacks jurisdiction and this case must be sua sponte dismissed without leave to amend.

**I. BACKGROUND**

This case has been related to a previously dismissed case filed in this court, Spencer v. Sinclair, et al., 2:20-cv-1266 TLN AC ("Spencer I"). ECF Nos. 11, 15. Spencer I was dismissed for lack of subject matter jurisdiction. Despite the relation, this case has been reviewed independently.

////

The FAC in this case names two sets of defendants: several Justices of the California Court of Appeal, Third Appellate District; and attorneys and a retired law clerk in the Placer County Superior Court. ECF No. 17 at 4. Plaintiff contends that Spencer I is unrelated to this case. Id. at 9. Here plaintiff alleges that:

> [Justices] Robie, Butz, and Hoch, acting individually, and in their own interests, and not in the interest of justice, nor their sworn duty as justices, committed "Fraud on the Court," as codified by FRCP, Rule 60(d)(3) when they knowingly and willing lied to the California Supreme Court, in the letter dated 01/17/2020, explaining the reasons they failed to, and later refused to, publish their Unpublished Opinion of the Appellate Case, Spencer v. Sinclair et al., declaratory judgment issued by the Nevada County Superior Court, Case No. CU13-079381.

Id. at 10. Plaintiff alleges "the remaining defendants, Sinclair, Shumway, Jacques, and Hinds [acted] as coconspirators in the underlying Appeal, Case No. C082485." Id. at 11.

Plaintiff attaches a letter dated January17, 2020 (Exhibit 1 to the FAC) that he alleges to be evidence of defendants' successful attempt to deceive the California Supreme Court into refusing to publish his state court case. Id. The letter is a brief recommendation to the Clerk/Administrator of the California Supreme Court stating simply that plaintiff (the appellant in the state court case at issue) requested his case be published, and that the members of the court who participated in the opinion recommended denial of that request because the opinion did not establish a new rule of law, does not criticize or interpret a rule of law, and merely applies existing, clear, and unambiguous law to a particular set of facts. Id. at 25.

Plaintiff requests the following relief: that "the judgment of Case C082485 is be set aside, and grant me any and all other relief allowed by law and the facts," due to fraud on the court. Id. at 22.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction. A federal court generally has jurisdiction over a civil action only when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Absence of subject matter jurisdiction requires a federal court to dismiss a case.

See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case"). Thus, "a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

A. This Case is Barred by the Rooker-Feldman Doctrine

The First Amended Complaint asks this court to set aside the judgment of a state court. ECF No. 17 at 22. The Rooker-Feldman doctrine[1] prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). To determine if the Rooker-Feldman doctrine bars a case, a court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163.

Here plaintiff seeks to have the decision of a state court invalidated, and all the facts and requests for relief presented in this case are intertwined with that primary goal. See ECF No. 17

---

1 See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

at 22. In seeking a remedy by which this court invalidates a state court decision and amends the state court record, plaintiff is clearly asking this court to "review the final determinations of a state court in judicial proceedings," which lies at the core of Rooker-Feldman's prohibition. In re Gruntz, 202 F.3d 1074, 1079 (9th Cir. 2000). Accordingly, plaintiff's action, on its face, clearly constitutes a "forbidden de facto appeal" and the court lacks subject matter jurisdiction to consider it.

B. Leave to Amend

Plaintiffs appearing in pro se are to be given leave to amend unless it is clear that amendment would be futile. Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987). Because plaintiffs' complaint is clearly barred by the Rooker-Feldman doctrine, amendment would be futile.

## III. CONCLUSION

Based on the foregoing, it is recommended that defendants motions to dismiss at ECF Nos. 4 and 10 be DENIED as moot, and that plaintiffs' operative First Amended Complaint (ECF No. 17) be DISMISSED for lack of subject matter jurisdiction without leave to amend, and that this case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 8, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE