UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL R. SPENCER,<br><br>  Plaintiff,<br><br>  v.<br><br>RONALD B. ROBIE, et al.,<br><br>  Defendants. | No. 2:21-cv-00050-TLN-AC<br><br>**ORDER** |

Plaintiff Samuel R. Spencer ("Plaintiff") is proceeding in this action in *pro per*. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On April 9, 2021, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty one days. (ECF No. 18.) On April 30, 2021 plaintiff filed objections to the findings and recommendations. (ECF No. 20.) Defendants filed a reply on May 24, 2021. (ECF No. 22.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a *de novo* review of this case. *See McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). Having reviewed the file under the

///

applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

Plaintiff's objections rely heavily on Federal Rule of Civil Procedure ("Rule") 60(d)(3) to support his argument that the decision by the justices of the California Third District Court of Appeal not to publish their opinion in Plaintiff's state court case and to recommend against further review by the California Supreme Court was "fraudulently" made and must be set aside. (*See generally* ECF No. 20.)  This reliance is unavailing.  Rule 60 relates to a *federal district court's* ability to grant relief from a prior final judgment, order or proceeding in the district court. Fed. R. Civ. P. 60.  The rule *does not extend to state court* judgments.  *Id.*; *see also* Fed. R. Civ. P. 1 (providing merely that the Rules govern the procedure in civil actions and proceedings in the federal district courts); Fed. R. Civ. P. 82 (providing the Rules "do not extend . . . the jurisdiction of the district courts"); *TCW Special Credits v. FISHING VESSEL CHLOE Z*, 238 F.3d 431 (9th Cir. 2000) (holding Rule 41 did not apply to California state court and citing *Rader v. Baltimore & O.R. Co.*, 108 F.2d 980, 986 (7th Cir. 1940), *cert. denied* 309 U.S. 682 (the Rules are only applicable to proceedings in federal district courts and "[cannot] be applied to the practice or procedure in State Courts, nor affect the rights of parties in such courts.")); *Hines v. Royal Indem. Co.*, 253 F.2d 111, 113 (6th Cir. 1958) (the Rules "apply to procedure in the district courts, not to the Court of Appeals.").

Moreover, as correctly noted by the magistrate judge, Plaintiff's complaint falls squarely under the *Rooker-Feldman* doctrine, which prohibits federal district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (ECF No. 18 at 3 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) *and District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Specifically, the doctrine applies to "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486.  As such, the Court lacks jurisdiction over this matter and dismissal of

the action is warranted.  Plaintiff identifies no legal authorities that support his contention that *Rooker-Feldman* does not apply to the instant case.  Plaintiff's attempt to distinguish his request to "set aside" the state court judgment from the magistrate judge's finding that Plaintiff seeks to "invalidate" it, based on nothing more than semantics, is wholly without merit.  Nor does Plaintiff provide any authority for his proposition that jurisdiction in this matter may be premised upon Rule 60 alone.  Indeed, courts have rejected such a premise.  *See*, *e.g.*, *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) (the Rules "do not create or withdraw federal jurisdiction.").  Plaintiff's objections are therefore overruled.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed April 9, 2021 (ECF No. 18), are ADOPTED IN FULL;
2. Defendants Motions to Dismiss (ECF Nos. 4, 10) are DENIED as moot,
3. Plaintiffs' operative First Amended Complaint (ECF No. 17) is DISMISSED for lack of subject matter jurisdiction without leave to amend; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED:  July 30, 2021

Troy L. Nunley
United States District Judge